**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Shirley Hall,

      Plaintiff,

  v.

Equifax Information Services, LLC,

      Defendant.

Case No:

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages exclusive of attorney's fees and costs, brought by Ms. Hall against Equifax Information Services, LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et. seq. ("FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.

4. Venue is proper in this District in that Defendant is headquartered within this District, and a substantial part of the events or omissions

giving rise to the herein claim occurred, or a substantial part of the property that is the subject of the action is situated within this District.

### III. ALLEGATIONS AS TO PARTIES

5. Ms. Hall is a natural person residing in Maryland.

6. Ms. Hall is a Consumer as defined by 15 U.S.C. § 1681a(c).

7. Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309.

8. Equifax is registered to conduct business as a foreign corporation in the State of Maryland, where its Registered Agent is CSC- Lawyers Incorporating Company, 7 St. Paul Street, Suite 820 Baltimore, Maryland, 21202.

9. Equifax is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

### IV. FACTS OF THE COMPLAINT
### Ms. Hall's March 2026 Consumer Disclosure

10. On or about March 15, 2026, Ms. Hall requested a copy of her consumer credit disclosure from Equifax.

11. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Ms. Hall's request, Equifax was required to provide a clear and accurate disclosure of all information in Ms. Hall's file at the time of her request, with the exception that her Social Security number could be truncated upon request.

12. Equifax provided an electronic copy of Ms. Hall's Consumer Disclosure (hereinafter "Equifax's Disclosure") at her home.

## **Equifax's Disclosure Was Incomplete, Unclear, or Inaccurate Omission of Original Creditors**

13. Despite a requirement to disclose all information in her credit file at the time of her request, Equifax's Disclosure omitted significant amounts of information contained in her credit file required under 15 U.S.C. § 1681g.

14. Equifax's Disclosure indicated that Plaintiff's credit file contained (1) Collection account classified as "Credit Accounts" **SEE EXHIBIT A**.

15. Equifax's Disclosure describes: "Credit Accounts" are those that "includes all types of credit accounts, such as revolving accounts, mortgage accounts, and any other installment loans or open lines of credit." **SEE EXHIBIT A**.

16. The accounts appearing in the "Credit Accounts" section were reported by Midland Credit Management ("MCM"). Specifically account:

- Midland Credit Management-*0363

17. MCM is a debt buyer company whose primary purpose is the purchase and collection of debts that were originally owed to third parties.

18. MCM does not originate credit lines or lend to consumers; they are debt buyers and cannot be considered an Original Creditor.

19. However, when disclosing the MCM tradeline to Ms. Hall, Equifax indicated that MCM is the original creditor of the account, omitting any reference to the actual Original Creditor.

20. Despite Equifax's obligation under 15 U.S.C. § 1681g(a) to provide a complete disclosure of all information in Plaintiff's consumer file, Equifax knowingly refused to report the original creditor information even though it possessed such information at that time.

21. Equifax thus shifted the burden of disclosure and inquiry away from itself and onto Ms. Hall.

### **Omission of Complete Account Numbers**

22. To further complicate and confuse Ms. Hall's review of her report, Equifax omitted the full account numbers relating to the MCM tradelines.

23. Upon information and belief, MCM reported the full account numbers belonging to their respective accounts to Equifax, and this information was contained within Equifax's file at the time of her disclosure request.

24. When Equifax produces and sells reports regarding Ms. Hall to third parties, the full account numbers and names of the original creditors are included in its reports.

25. The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

26. Having a duty to disclose all of the information regarding the accounts in Ms. Hall's file, Equifax breached its duty by failing to provide the account numbers and original creditors' names, as such information is necessary for a consumer to be able to research and evaluate the information contained in her credit file.

27. In the absence of such information, Ms. Hall is left with no choice but to play detective at best or resort to guessing whether the information in her report is accurate at worst.

28. Equifax's disclosure contains a section entitled "Collections," stating: "Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit

report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score."'

29. MCM is registered within the State as a Consumer Collection Agency.

30. Thus, Equifax should have placed the tradeline under the "Collections" header of Ms. Hall's Disclosure rather than the "Credit Accounts" header.

31. In addition to missing the full account number from the debt buyer account listed in "Credit Accounts," Equifax disclosed a significant number of accounts reported by other data furnishers without full account numbers.

32. Equifax is reporting five (5) tradelines without a full account number.

33. On information and belief, all the aforementioned data furnishers reported full account numbers to Equifax, and this information was contained within Equifax's file on Ms. Hall at the time of her request for her consumer disclosure.

34. Due to widespread systemic problems, Equifax's automated systems omit all but the last two or four account numbers reported by data furnishers that have a reported current payment status of "charge off," in addition to many other types of accounts.

35. Equifax knows of this error, despite such knowledge, it has yet to correct it.

36. Equifax's failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. See *Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

37. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., *Havens Realty Corp. v. Coleman,* 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore, "the Art. III requirement of injury in fact [was] satisfied.

38. The lack of accurate, full account numbers caused Ms. Hall great frustration and emotional distress when trying to understand her credit report and verify it against her own records.

39. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." **SEE EXHIBIT B**.

40. Equifax's omission of the original creditor and full account numbers greatly decreases a consumer's ability to understand her consumer credit disclosure, identify the accounts, and compare those accounts with her own records.

41. The Credit Reporting Resource Guide, published by the Consumer Data Industry Association ("CDIA"), a trade association representing the CRAS, including Equifax, states that:

**"The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports**. Without the original creditor names, consumers may not know what the accounts represent." (**Emphasis original.) SEE EXHIBIT C.**

42. The Credit Reporting Resource Guide instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." Id.

43. On information and belief, MCM complied with the Credit Reporting Resource Guide and reported the names of the true original creditors of its reported accounts.

**Prevalence of Equifax's Account Number Errors**

44. On information and belief, Equifax's Disclosure to Ms. Hall was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

45. On information and belief, this same template is used virtually every time a consumer requests their file from Equifax through annualcreditreport.com

46. On information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

47. Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number and missing original creditor name errors.

48. Thus, every consumer with accounts appearing in the incorrect section of their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began received a consumer disclosure with the same errors as Ms. Hall.

49. Equifax's error has therefore likely affected thousands of consumers.

50. Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected. See, e.g., *Justin Purdy vs. Equifax Information Services LLC,* case 8:19-cv-00217, M.D. FL, Jan. 28, 2019.

51. Equifax's knowing and repeated conduct warrants an award of punitive damages.

52. Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

53. Ms. Hall has a right to a full and complete disclosure of the contents of her file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

54. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Ms. Hall deprived her of this right.

## COUNT I
## VIOLATIONS OF THE FCRA

55. Ms. Hall adopts and incorporates paragraphs 1 - 54 as if fully stated herein.

56. Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Ms. Hall's request for her consumer disclosure by failing to clearly and accurately disclose to Ms. Hall, a Consumer, all the information in his file at the time of the request. Specifically, Equifax disclosed (1) account reported by MCM without disclosing the full account number or the name of the Original Creditor and five (5) also without the full account numbers, even though full account numbers were reported by the data furnishers.

57. Equifax knowingly provided inaccurate information in Ms. Hall's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

58. Equifax is therefore liable to Ms. Hall, pursuant to 15 U.S.C. § 1681n, for the greater of her actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

59. Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Ms. Hall, pursuant to 15 U.S.C. § 1681o, for her actual damages, plus attorneys' fees and costs.

**WHEREFORE,** Ms. Hall respectfully requests that the Honorable Court enter judgment against Equifax for:

a.   The greater of statutory damages of $1,000 per incident and Ms. Hall's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Ms. Hall's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.   Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.   Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.   Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Hall demands a jury trial on all issues so triable.

Respectfully submitted on April 2, 2026, by:

> */s/ Esther Oise*
> Esther Oise, Esq. (GA Bar #686342)
> Oise Law Group PC
> 2635 Governors Walk Blvd.
> Snellville, GA 30078
> Email: oiselawgroup@gmail.com
> Telephone: (770) 895-3736
> Attorney for Plaintiff